JOSEPH BARBATO *vs.* JOSEPH D. EPSTEIN.
ROBERT BARBATO, *p.a. vs.* JOSEPH D. EPSTEIN.

JANUARY 20, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J.  These are two actions of trespass on the case for negligence brought by a father and his minor son.  The cases were tried to a jury in the superior court together with a third case brought by the operator of the Barbato motor vehicle against the defendant.  In each case a verdict for the defendant was returned and the plaintiff filed a motion for a new trial.  The trial justice denied the motion in the case of the operator, but granted it in each of the instant cases which are now before us on the defendant's single exception thereto.  Since liability in both cases is dependent upon our decision in the case of Robert Barbato we shall discuss only his case, but our decision will apply with equal force to both.

The relevant evidence in substance shows that on January 30, 1959 at about 1:30 p.m. the Barbato car in which plaintiff was a passenger stopped for a red traffic light as it reached the intersection of Fountain and Eddy streets in the city of Providence.  It was the car first in line and was

followed by a truck operated by defendant. The testimony on behalf of plaintiff is that the Barbato car stopped for the traffic light and that while its operator was giving directions to the occupants of a motor vehicle in the next traffic lane, and before it again proceeded, it was struck in the rear by defendant's truck.

The defendant, on the other hand, testified that the Barbato car remained stationary after the traffic light changed from red to green; that he could not pass it because of traffic conditions; that he blew his horn about ten times; that thereafter it started up slowly; and that when it stopped suddenly without signal or warning it was hit in the rear by his truck which was proceeding slowly and in first speed. This was the evidence considered by the trial justice on plaintiff's motion for a new trial.

The duty of a trial justice in considering such a motion and the rules to be applied by him were determined more than half a century ago in *McMahon* v. *Rhode Island Co.*, 32 R. I. 237, *Noland* v. *Rhode Island Co.*, 30 R. I. 246, and *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, and have many times been repeated.

His duty is to consider in the exercise of his independent judgment all of the material evidence in the case in the light of his charge to the jury and to pass on its weight and the credibility of the witnesses. *Cottrell* v. *Lally*, 94 R. I. 485, 182 A.2d 302; *McLain* v. *Tripp*, 73 R. I. 105. In discharging that duty he can accept some or all of the evidence as having probative force; or he can reject some of the testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence, or because of inherent improbabilities or contradictions which alone or in connection with other circumstances satisfies him of its falsity, *Somerset Realty Co.* v. *Shapiro*, 51 R. I. 417, 420, or because it is totally at variance with undisputed physical facts or laws, *Gallo* v. *Simpson Spring Co.*, 55 R. I. 410, 417; or he can add to the evidence by drawing proper

194

inferences therefrom and giving weight thereto. *Potemkin v. Leach,* 65 R. I. 1, 9.

It is only after the completion of this process of acceptance, rejection, and addition that it becomes opportune for the trial justice to determine which of the two well-settled rules to apply. Stated otherwise, the application of the appropriate rule is made on the evidence accepted and inferences drawn therefrom and exclusive of so much thereof as may have been rejected. On that evidence he decides whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon; or, in the alternative, to set it aside when his judgment tells him that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence. *Humes v. Schaller,* 39 R. I. 519, 522.

The reiteration of these well-established principles is occasioned solely by the peculiar posture in which this case comes before us. Here the trial justice rejected the testimony of plaintiff and accepted that of defendant as "controlling." Notwithstanding such acceptance of the testimony of the party who prevailed before the jury he disturbed the verdict. This, defendant contends, constituted a substitution of the trial justice's judgment for that of the jury and was therefore error. A sufficient answer thereto is that "The granting of a new trial on the ground that the verdict is contrary to the evidence is in every instance a substitution of the conclusion of the justice presiding for the finding of the jury." *Spiegel v. Grande,* 45 R. I. 437, 438.

More to the point is defendant's contention which, as we understand it, is that having accepted defendant's relation of how the accident occurred the trial justice was required to uphold the verdict even though his own judgment might

have inclined him the other way. With this in mind we have carefully examined the transcript with particular reference to defendant's version thereof and the pertinent inferences to be drawn therefrom.

From such examination we are of the opinion that there is a complete absence of any evidence whatsoever upon which a jury could reasonably have found that plaintiff "was not in the exercise of the due care required of him as a passenger." *Lynch* v. *Aguiar,* 81 R. I. 481, 487. Moreover, the contention of defendant that the question of contributory negligence is a matter of fact upon which the jury's verdict is conclusive even when there is no evidence whatsoever to support it is clearly without merit. See *Lynch* v. *Aguiar, supra.*

On the question of defendant's negligence it is our opinion that the repeated blowing of his horn after the light had turned green in order to induce the operator of the Barbato car to move ahead warranted the trial justice in inferring that defendant "was overwhelmed by a sense of impatience and eagerness to be off"; "that he deeply resented the fact that his way was blocked by the plaintiffs' vehicle"; and "that he was overwhelmed by a sense of impatience and irritation which beclouded his judgment, and which prevented him from operating his motor vehicle as a prudent, reasonable man would have operated a motor vehicle in a similar situation on a similar street, in a similar built up area." Having added these inferences to the testimony of defendant, the trial justice was then in a position to select the applicable rule. It is clear that on defendant's testimony and the inferences which he drew and was warranted in drawing therefrom, he decided that the evidence was neither so evenly balanced nor such as would fairly lead different minds to come to different conclusions thereon. He, therefore, applied the other rule and determined that the verdict was against the fair preponderance of the evidence.

No contention is made that he overlooked or misconceived any material testimony, and since it does not appear that his decision was clearly wrong it should stand.

The defendant's exception in each case is overruled, and each case is remitted to the superior court for a new trial.

*Anthony Grilli, McGee and Doorley, Frank J. McGee,* for plaintiffs.

*Carroll & Dwyer, John G. Carroll,* for defendant.