298 A.2d 535.

GEORGETTE KISHFY *et al. vs.* LAW LEASING CORPORATION
*et al.*

JANUARY 11, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This negligence action involves the collision between a Chevrolet sedan and a tractor trailer. A Superior Court jury returned a verdict for the defendants: the owner and the operator of the tractor trailer. The trial justice, in considering the plaintiffs' motion for a new trial, affirmed the jury's verdict as it pertained to the sedan's driver and her husband but granted the sedan's front-seat passenger and her husband a new trial. The defendants have appealed.

On the rainy mid-afternoon of May 5, 1967, Georgette Kishfy was driving her husband's automobile in a northerly direction on Broad Street in Cumberland. Her mother, Helen Altongy, sat alongside her. Robert E. Briere was operating the corporate defendant's tractor trailer in a westerly direction on Mill Street. Mill and Broad Streets form a "T" like this:

Broad Street ▏ Mill Street

The vehicles collided and Mrs. Altongy's head struck and broke the Chevrolet's windshield. This suit ensued.

In his charge, the trial justice told the jury that defendants were liable if the driver's negligence was the proximate cause of the collision. He stressed, however, that the jury was not to equate proximate cause with sole cause because liability could be found by the jury if the driver's negligence when combined with another cause produced injury. In speaking of the Altongys' claim the trial justice emphasized that ordinarily a passenger is under no obligation to do anything as he accompanies the driver and that the negligence of the driver could not be imputed to the passenger.

The mother and daughter said the mishap occurred when the left rear wheel of the trailer struck the left front of the Kishfy sedan as the rig negotiated the turn from Mill Street southerly onto Broad Street. Mrs. Kishfy charged Briere with failing to stop at the intersection. There was a stop sign which controlled traffic entering Broad Street.

There was a dispute as to who hit whom but there is no dispute that the point of contact was the left rear wheel of the trailer and the left front of the passenger car.

In determining the correctness of the grant of the new trial, we need to detail the testimony of defendant driver.

The approximate measurements given by him are as follows:

> Width of Broad Street — 40 feet
> Width of Mill Street — 22 to 24 feet
> Length of Tractor — 10 feet
> Length of Trailer — 40 feet

The driver explained that the tractor pulled the trailer. The trailer turned on a pivot which was part of the tractor. As Briere drove towards the intersection, he was operating a rig which, including the cargo it transported, weighed 35,000 pounds. He was making a turn with a rig that measured 50 feet in length onto a highway that measured 40 feet in width. Briere testified that when he arrived at the curbline of Mill and Broad Streets, he looked to his left and saw the Kishfy car approaching some 40 to 50 feet away. He looked to his right and saw no traffic heading south. He again looked to his left and saw that the Kishfy automobile was stopped some 15 feet away. At this point, Briere drove his rig out onto Broad Street and began his southerly turn. When he looked to his rear to check the swing of his trailer, he observed the Kishfy vehicle moving and turning towards Mill Street.

Briere conceded that once he started into Broad Street, he never again looked to his left because he assumed that Mrs. Kishfy was going to permit him to enter the main thoroughfare even though he admitted that plaintiff driver had never acknowledged his presence or signaled him to proceed.

As he considered the motion for the new trial, the trial justice remarked that in the light of the length of defendant's rig, and the measurements of the highways in question, defendant driver should have taken another look at the Chevrolet as he proceeded onto Broad Street and turned

the tractor southward. He said Mrs. Kishfy's contributory negligence barred her recovery, but, in essence, refused to charge the faults of the daughter to the mother.

If the defendants are to prevail in their appeal, they must persuade us that in his consideration of the Altongys' motion for a new trial, the trial justice has failed to perform his duty as set forth in *Barbato* v. *Epstein,* 97 R. I., 191, 196 A.2d 836 (1964), or in so performing his duty, he has either overlooked or misconceived material evidence or was otherwise clearly wrong. *Peryea* v. *Coca-Cola Bottling Co.,* 109 R. I. 420, 286 A.2d 877 (1972). The defendants have not sustained this burden.

The defendants' appeal is denied and dismissed and the case is remitted to the Superior Court for further proceedings.

*George Nazarian, Robert R. Nocera,* for plaintiffs.

*Martin M. Zucker,* for defendants.