333 A.2d 141.
RUTH GALLANT *et al. vs.* RUTH ADAMS.

MARCH 4, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is a civil action to recover for personal injuries and property damage resulting from an

accident involving a motor vehicle operated by the plaintiff Martha Gallant and one owned and operated by the defendant. The case was heard before a justice of the Superior Court sitting with a jury and resulted in a verdict of $8,000 for the plaintiff Martha. The parties agreed before the trial that if the jury brought in a verdict for Martha, a verdict in the sum of $200 would also be recorded for her mother, Ruth Gallant, owner of the car operated by Martha. Judgments for those amounts were entered. The defendant then filed a motion for a new trial, which was granted by the trial justice. The case is here on the plaintiffs' appeal from the judgment granting the defendant's motion.

The facts are relatively simple. Shortly after noontime on January 13, 1969 Martha Gallant was operating her mother's car in the parking lot of the Ann & Hope Factory Outlet, Inc., in Warwick, Rhode Island. The lot is on the westerly side of Post Road, which runs north and south. The parking lot has two entrances on Post Road. As one travels south on Post Road, the first entrance is at the extreme northern end of the lot. The second is at about the center of the lot. Martha entered the northerly entrance and turned westerly along a parking lane designated as "Aisle B." She was driving toward the store at a speed which she estimated at about 15 miles per hour. That aisle intersected a main north-south lane in which defendant was traveling in a northerly direction. The right front bumper of defendant's vehicle struck the vehicle being operated by Martha at the door on the driver's side, which collision resulted in the injuries and property damage complained of in this action.

The trial justice based his decision granting defendant's motion for a new trial on the grounds that plaintiff, Martha Gallant, was guilty of contributory negligence and that the jury's verdict to the contrary was against

the evidence and the weight thereof. The plaintiffs contend that the trial justice erred in so finding. They argue, in substance, that he overlooked and misconceived material evidence and misapplied the law. In brief, they argue that he did not perform his duty in passing on the motion for a new trial and that therefore we should give no weight to his decision but instead examine the transcript ourselves to determine if there is any competent evidence in the record which, if believed, would support the verdict. *Harter* v. *Home Indemnity Co.*, 111 R. I. 340, 352, 302 A.2d 793, 800 (1973). In the alternative, plaintiffs argue, even if we find that he did perform his duty in exercising his independent judgment in passing on the motion for a new trial, the findings of fact on which he based his decision are clearly wrong.

We have considered all the issues raised by the plaintiffs on this appeal. They have not persuaded us that the trial justice failed to perform his duties under our cases, *see Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964), or that, having done so, he overlooked or misconceived any material evidence on a controlling issue — here, the question of contributory negligence — or that he was otherwise clearly wrong. The plaintiffs had this burden since they challenged the decision of the trial justice. *Carraturo* v. *Lawrence*, 107 R. I. 463, 467, 268 A.2d 277, 279-80 (1970). They did not satisfy this burden and, therefore, the trial justice's decision must stand.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Joseph E. Marran, Jr.*, for plaintiffs.

*Gunning, LaFazia, Gnys & Selya, Guy J. Wells*, for defendant.