Carlo E. PISATURO, Jr. et al.

v.

Joseph L. RASO, Sr. et al.

No. 83–410–Appeal.

Supreme Court of Rhode Island.

April 30, 1986.

Edmond A. DiSandro, DiSandro-Smith & Associates, P.C., Providence, for plaintiffs.

William A. Gosz, Arlene Violet, Atty. Gen., Thomas Martin, Sp. Asst. Atty. Gen., Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendants' appeal from an order entered in the Superior Court granting the plaintiffs' motion for new trial following a jury verdict for the defendants. We affirm. The pertinent facts as disclosed by the record are as follows.

The events underlying the present action occurred during the early-morning hours of February 7, 1978, in the wake of what has affectionately become known as the Blizzard of '78. In an effort to assist the Warwick police department (WPD) in its arduous task of rescuing persons stranded by the violent storm, plaintiffs, Carlo Pisaturo and his wife, Gertrude Pisaturo, (the Pisaturos), volunteered to use their snowmobiles to travel over roads that were virtually impassable by ordinary motor vehicles. Attired in standard snowmobiling apparel, helmets and jumpsuits, and equipped with police radios supplied by the WPD, the Pisaturos successfully accomplished several rescue missions for the WPD.

At approximately 1:30 a.m., the Pisaturos, traveling east on Route 117, were returning to the police station from one such rescue run. As they approached Route 2, the Pisaturos were forced to stop their vehicles while several state snowplows blocked the road in an effort to clear some large snowdrifts. At this point the testimony of the parties diverges rather sharply.

According to Mr. Pisaturo's testimony, he and Mrs. Pisaturo introduced themselves to defendant, Joseph Raso (Mr. Raso), the foreman of the road-work crew. Mr. Pisaturo then showed Mr. Raso his police radio and explained that he and Mrs.

Pisaturo were volunteer rescue workers for the WPD. Mr. Pisaturo testified that Mr. Raso ignored his explanation and began screaming at the Pisaturos to get off the road. Mr. Raso then allegedly ordered one of his men to back a pickup truck into the Pisaturos' snowmobiles. At that point, Mr. Pisaturo jumped off his snowmobile, and Mr. Raso swung at him. Mr. Pisaturo attempted to fight back but was knocked to the ground, at which point several other road-work-crew members jumped on him, kicked him, and stomped on his head.

Meanwhile, Mrs. Pisaturo attempted to scream for help into her police radio. She testified that as she was screaming, Mr. Raso yelled some vulgarity and simultaneously swung at her, striking her in the jaw and knocking her down into the snow. The Pisaturos introduced extensive expert medical testimony that as a result of Mr. Raso's blow, Mrs. Pisaturo sustained severe injuries.

Mr. Raso gave a somewhat different account of the events of that evening. He testified that he shoved Mr. Pisaturo to the ground only after having first been struck in the jaw by Mr. Pisaturo. He then claimed that, fearing he might be hit a second time, he hit Mrs. Pisaturo as she rushed toward him.

Following a January 1983 jury trial, a verdict was returned in favor of defendants, Mr. Raso and the State of Rhode Island. The trial justice then granted plaintiffs' motion for a new trial. The sole issue raised in this appeal is whether the trial justice erred in granting the motion for a new trial.

The rules for considering a motion for a new trial following a jury verdict are well settled. In *Barbato v. Epstein*, 97 R.I. 191, 196 A.2d 836 (1964), the court clearly delineated the function of a trial justice in considering such a motion. The trial justice first must consider all material evidence in the case in the light of the charge to the jury. In so doing, the trial justice must pass upon the weight and credibility

of the evidence, accepting and rejecting conflicting testimony as if he were sitting as a trier of fact. Further, the trial justice may give weight to those portions of the evidence that he concludes are credible, drawing therefrom all proper and appropriate inferences. Having completed his preliminary findings of credibility, the trial justice must then decide "whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon * * * ." *Id.* at 194, 196 A.2d at 837. If the trial justice determines that reasonable persons could arrive at different results in deciding the case, the motion for new trial must be denied. However, if the trial justice determines that the jury's verdict is against the fair preponderance of the evidence, a new trial must be ordered. *Kelly v. C.H. Sprague & Sons Co.*, 455 A.2d 1302, 1304 (R.I.1983); *Fonseca v. Balzano*, 454 A.2d 700, 702 (R.I.1983). The trial justice need not make a comprehensive evaluation of the evidence. However, the trial justice should at least refer with some specificity to the particular facts that motivated his or her decision, in order to enable this court to determine the appropriateness of the action. *Zarrella v. Robinson*, 460 A.2d 415, 418 (R.I.1983). As long as the trial justice carries out the foregoing analysis, we shall overturn the decision only when the trial justice "in performing [this] duty * * * overlooked or misconceived material evidence or was otherwise clearly wrong * * * ." *Fox v. Allstate Insurance Co.*, 425 A.2d 903, 907 (R.I.1981) (quoting *Galusha v. Carlson*, 120 R.I. 204, 207, 386 A.2d 634, 635 (1978) ).

In passing upon plaintiffs' motion for a new trial, the trial justice carefully outlined his reliance on specific portions of the Pisaturos' testimony as well as the medical reports and photographs admitted into evidence by plaintiffs. In so doing, the trial justice concluded that the injuries suffered by Mrs. Pisaturo were incompatible with any finding that Mr. Raso had used reasonable force in striking her and further found that there was no justification for Mr. Raso's assault on Mrs. Pisaturo in the first place. Similarly, the trial justice concluded upon examination of all the evidence that Mr. Raso was without provocation or justification to have struck Mr. Pisaturo and that even had Mr. Pisaturo been the aggressor, Mr. Raso employed more force than was reasonably necessary to defend himself.

We are of the opinion that the trial justice carefully undertook to review all the evidence in passing upon this motion. Mindful of the rigid *Barbato* requirements, the trial justice complied assiduously with the standards and rules enunciated therein. He rejected the jury's findings and substituted his own conclusion that the overwhelming weight of the evidence clearly indicated fault on the part of Mr. Raso. Since the trial justice has neither misconceived nor overlooked material evidence on a controlling issue, and since his findings are not otherwise clearly wrong, we decline to disturb his decision.

The defendants' appeal is denied and dismissed, the order granting a new trial is affirmed, and the case is remanded to the Superior Court for further proceedings.

BEVILACQUA, C.J., did not participate.