**Reynold PANICCIA**

v.

**Claudette WEISSINGER et al.**

**No. 83–469–Appeal.**

Supreme Court of Rhode Island.

May 6, 1986.

Robert M. Brady, Alan T. Dworkin, Dworkin & Brady, Providence, for plaintiff.

Eugene V. Higgins, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for negligence seeking to recover damages for injuries sustained by the plaintiff as a result of an automobile accident. The case was heard before a justice of the Superior Court and a jury which returned a verdict for the plaintiff in the amount of $6,000. The trial justice subsequently granted plaintiff's motion for a new trial on the grounds that the damage award was grossly inadequate. The defendants appealed. On appeal this court, which retained jurisdiction on the case, remanded it to the Superior Court so that the trial justice could consider submitting an additur that defendant could either accept or reject. The defendant failed to accept the additur within the time fixed by the trial justice, and the case is now before us for consideration on the merits of the defendants' appeal.

The pertinent facts are as follows. On the morning of May 1, 1972, plaintiff was driving to work. When he stopped his car at a stoplight, he was struck in the rear by a vehicle driven by Claudette Weissinger. The plaintiff testified that he was thrown forward onto the steering wheel, rebounded back into the seat, and then was propelled forward again but not so as to strike the steering wheel a second time. After the impact, both drivers exchanged license numbers and other usual information. The

defendant then drove her vehicle to a nearby parking lot, and plaintiff continued his drive to work. The police were never called to the scene of the accident.

While at work that day, plaintiff claimed he did not feel well. He had a coworker drive him home. On the afternoon of the accident, plaintiff saw his physician and complained of dizziness, headaches, nausea, and pain in the neck and shoulder radiating down to the legs. The plaintiff's doctor told him to wear a soft collar and to receive cortisone and Novocain shots. The plaintiff also testified that for the first four to six weeks after the accident, he had experienced blurred vision that eventually tapered off.

At the time of the accident, plaintiff held two jobs. One job was with the State Department of Health, which paid him $295 every two weeks. The other job was as a photographer for the Providence Journal, which paid him $258 once a week. Starting from the day of the accident, plaintiff was out of work with the Journal for between three and four weeks and out of work with the Department of Health for seven and a half weeks. The plaintiff testified that he had given up his job with the Department of Health because of headache pain he experienced after the accident.

Approximately eighteen months after the accident, plaintiff sought relief from neck and head pain by consulting an acupuncturist. The plaintiff testified to having experienced temporary relief as a result of the twenty-eight treatments he received.

The jury awarded plaintiff damages in the sum of $6,000.

The sole issue presented is whether the jury verdict was so grossly inadequate as to shock the conscience of the trial justice and justify the granting of plaintiff's motion for a new trial unless defendants consented to an additur of $39,392.50.

The defendant contends, first, that the trial justice overlooked material evidence relative to the question of damages and, second, that if such evidence had been considered, it would have indicated that the jury verdict did substantial justice between the parties. She also contends that the trial justice failed to consider the evidence which disclosed that plaintiff worked for the Journal both day and night while he alleged he was unable to do the work at the Department of Health. The plaintiff, during the same period, became a full-time employee of the Journal. The defendants further allege that the trial justice misconceived the testimony of Dr. Scala who testified that from November 24, 1972, to December 20, 1973, he treated plaintiff for bursitis.

A trial justice may disregard a damage award by the jury if, in his opinion, the award: (1) shocks the conscience or (2) indicates that the jury was influenced by passion or prejudice or (3) demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled. *Wood v. Paolino*, 112 R.I. 753, 757, 315 A.2d 744, 746 (1974). In making such a determination, the trial justice has been referred to as a "seventh juror" who must make an independent appraisal of the testimony and credibility of its speaker to assess any disparity between the jury award and the damages shown to have been suffered by the plaintiff. *LaBree v. Major*, 111 R.I. 657, 676, 306 A.2d 808, 819 (1973). The trial justice must set forth the basis for his determination that a jury award is inadequate. At that point, such a finding by the trial justice will not be disturbed by this court unless it is demonstrated that the finding was clearly wrong.

On review, this court must also determine whether the trial justice has overlooked or misconceived material evidence or is otherwise clearly wrong. *Morinville v. Morinville*, 116 R.I. 507, 511–12, 359 A.2d 48, 51 (1976).

Our review of the record reveals that the trial justice took into consideration the fact that plaintiff's medical expenses and loss of wages amounted to $2,353.50. The trial justice determined that plaintiff's inability

to maintain the two jobs he had held at the time of the accident cost him $21,239 in lost earning capacity for a period of five years and seven months. In making a pain-and-suffering award, the trial justice considered the two-year period during which plaintiff treated with his doctor and suffered continuous headaches. In his award computations, the trial justice considered the fact that plaintiff was also being treated for bursitis unrelated to the accident and reduced the award accordingly. He arrived at a figure of $21,800 by assigning different values to the time periods of plaintiff's disability including the period of active medical treatment and beyond.

The defendants contend that the original verdict of $6,000 does substantial justice between the parties and propose that this court consider medical evidence which is not part of the record for review.

We find that the trial justice followed the criteria for new trial motions set forth in *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964). After independently weighing the evidence and drawing reasonable inferences therefrom, he is entitled to grant a motion for a new trial should he determine that the verdict is not a proper response to the evidence. The trial justice determined that the $6,000 jury award failed to render substantial justice between the parties. Should the trial justice fail to perform his function, the Supreme Court examines the evidence in the light most favorable to the prevailing party. Should competent evidence to support the jury's verdict be found, the motion for a new trial is denied.

In the instant case, we find that the jury's damage award was unsupported by the evidence and failed to do substantial justice between the parties. Accordingly, the trial justice acted properly in granting the plaintiff's motion for a new trial.

The defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.