### Ralph MAGGIACOMO

v.

### SYDNEY SUPPLY COMPANY, INC.

#### No. 97–568–A.

Supreme Court of Rhode Island.

Oct. 23, 1998.

Aram R. Schefrin, Providence, Merrill J. Friedmann.

John B. Reilly, Warwick.

### ORDER

The plaintiff appeals from a Superior Court judgment in favor of defendant. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff's complaint alleges that he was severely injured when he slipped and fell on ice in defendant's parking lot. Following a jury trial, a verdict was returned in favor of defendant. The plaintiff moved for a new trial and the trial justice denied the motion.

On appeal, the plaintiff contends that the trial justice's denial of his new trial motion was clearly wrong because there was no competent evidence to support the jury verdict and the evidence presented could lead to only one conclusion. The trial justice's duty in passing on a new trial motion is to consider the evidence in light of the charge to the jury and draw appropriate inferences. If the evidence is nearly balanced or is such that different minds can fairly come to different conclusions, the trial justice must deny the motion and allow the verdict to stand. If the trial justice concludes that the verdict fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence, the trial justice must grant the new trial motion and set aside the jury verdict. *Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 254–55 (R.I.1996) (quoting *Barbato v. Epstein,* 97 R.I. 191, 194, 196 A.2d 836, 837 (1964)). We will not overturn a decision on a new trial motion unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. 681 A.2d at 255.

The plaintiff contends that the evidence establishes that defendant failed to treat the known icy conditions in its parking lot prior to opening its gate for the arrival of customers. The defendant's president, Alan Sydney, testified that the business opened to the general public at 8:00 a.m. and to plumbing and heating contractors at 7:00 a.m. He testified that he paid a private individual, Robert Gasbarro, to plow the parking lot, but that individual was not responsible for sanding or salting the surface of the lot. Mr. Gasbarro testified that he plowed the lot prior to 7:00 a.m. on the morning Mr. Maggiacomo was injured. The defendant's warehouse manager testified, by deposition, that it was his duty to salt the surface of the parking lot, if conditions required. He testified that he would begin this task when he reported for duty at 7:00 a.m. and that it would usually take him thirty minutes to an hour to complete the task. On the morning Mr. Maggiacomo was injured, he was in the process of applying rock salt to the ice in the lot.

After considering the evidence in this case, we are of the opinion that the trial justice did not overlook or misconceive material evidence nor was he otherwise clearly wrong in denying plaintiff's new trial motion. The evidence showed that defendant was aware of the conditions in the parking lot on the morning plaintiff fell, but he began immediately to take steps to alleviate the condition.

The plaintiff also argues that the trial justice overemphasized the concept of reasonable time in his instructions to the jury. In reviewing jury instructions, this court considers the charge as a whole in light of the meaning and interpretation that a jury composed of ordinary intelligent lay persons would give them. *Montecalvo v. Mandarelli,* 682 A.2d 918, 922 (R.I.1996) (quoting *Hueston v. Narragansett Tennis Club, Inc.,* 502 A.2d 827, 829 (R.I.1986)). During his instructions, the trial justice cautioned the jury not to "single out any one instruction as stating the law." The trial justice also warned the jury that he had no opinion as to what the facts in the case were and that he never intended to indicate that he had any opinion during the trial or in the course of his instructions. We have examined the charge and, in light of these general guidelines and considering the charge as a whole, the trial justice's instructions to the jury were not in error.

After careful consideration of the record in this case and the materials filed by the parties, we affirm the denial of the new trial motion, and we conclude that the trial justice's instructions to the jury were proper. Therefore, plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.