DECISION
Before the Court is the motion of defendants', the Friendly Home, Inc. and Angela Rotella (defendants) R.C.P. 50 Motion for Judgment as a Matter of Law, and alternatively, R.C.P. 59 Motion for a New Trial. The motion follows a jury trial, where a verdict was entered for plaintiff, John Jalowy in the amount of $50,001.00 in punitive damages with respect to Count II of plaintiff's claim for intentional infliction of emotional distress. The plaintiff objects to the defendants' motion and moves for judgment as a matter of law, or for a new trial, in relation to the first count of his original complaint, with respect to the claim of retaliation. Additionally, plaintiff has requested additur, or in the alternative, a new trial in relation to Counts II and III of his complaint, with respect to the claims for intentional and negligent infliction of emotional distress, respectively.
 Travel/Facts
The plaintiff, John Jalowy (Jalowy) brought this action against defendants under G.L. § 23-17.8-2 et.seq., (Abuse in Health Care Facilities Act), stemming from alleged incidents of patient abuse and neglect towards patients (other than his mother) at Friendly Home, a long-term residential care facility, where his mother resided, in Woonsocket, Rhode Island. The plaintiff's three count complaint alleges: (1) acts of retaliation by defendants in the form of restricting plaintiff from visiting his mother for filing complaints with the Rhode Island Department of Elderly Affairs and the Rhode Island Department of Health; (2) intentional infliction of emotional distress and; (3) negligent infliction of emotional distress. A jury trial was held before this Court on July 26, 2000 and concluded on August 2, 2000. At the close of all evidence, both parties moved for Judgments as a Matter of Law, which were subsequently denied by the trial justice. The plaintiff contends that this Court improperly limited his closing argument when, after thirty-five minutes of summation, he was informed that he had five minutes left to conclude. At this juncture, plaintiff requested permission to approach but was denied.
The plaintiff maintains that he "hurried to finish his closing argument and finished without being able to discuss damages and possible methods of computing damages." (See Plaintiff's Post-Trial Memorandum at 4.)
Ultimately, the jury denied plaintiff's Count I and determined that the Friendly Home did not retaliate against Jalowy as a result of his reports of alleged abuse or neglect. However, the jury found the Friendly Home and Angelo Rotella, the facility administrator, liable for intentionally inflicting emotional distress upon plaintiff and assessed punitive, but not compensatory damages, against each in the amount of $25,000.00 and $25,001.00, respectively (Count II). In addition, the jury determined that both defendants negligently inflicted emotional distress upon plaintiff but failed to award any damages on this Count. Both parties timely filed the instant motions within ten days after the Court had entered the verdict.
 Standard of Review
Rule 50 of Super. R. Civ. P., entitled "Judgment as a Matter of Law in Actions Tried by Jury; Alternative Motion for New Trial," provides in pertinent part:
 "(b) Renewal of Motion for Judgment After Trial; Alternative Motion for New Trial: Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law. If no verdict was returned, the court may, in disposing of the renewed motion, direct the entry of judgment as a matter of law or may order a new trial.
 (c) Same: Conditional Rulings on Grant of Motion For Judgment as a Matter of Law.
(1) If a renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the Supreme Court."
In ruling on a motion for Judgment as a Matter of Law, the trial justice must consider the evidence in the light most favorable to the nonmovant, absent any questions of credibility, but without benefit of any inferences based on conjecture, speculation, or surmise. Long v. Atlantic PBS, Inc., 681 A.2d 249, 252 (R.I. 1996) (citing Souza v. Narragansett Council, Boy Scouts of America, 488 A.2d 713, 715 (R.I. 1985)). Our Supreme Court has determined that a verdict may be directed only when the evidence authorizes only one legitimate conclusion in regard to the outcome. Id. at 252 (citing Kenney Manufacturing Co. v. Starkweather Shepley, 643 A.2d 203, 206 (R.I. 1994)).
Under these circumstances, it is the function of the trial justice to act as a "superjuror" who, in light of the charge to the jury, can weigh the evidence, pass on credibility, and draw appropriate inferences therefrom. Id. at 254 (citing Barbato v. Epstein, 97 R.I. 191, 193-194,196 A.2d 836, 837 (1964)). "Relying on the evidence accepted and inferences drawn, the trial justice must:
 `decide whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon; or, in the alternative, to set it aside when his [or her] judgment tells him [or her] that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence.'"
Id. at 254-255 (quoting Barbato, 97 R.I. at 194, 196 A.2d at 837). Our Supreme Court has established that a trial justice need not offer an extended "dissertation of the evidence adduced at trial, but should provide enough reasoning so reviewing court can determine whether the decision was rationally premised." Long v. Atlantic, supra., (citing Morinville v. Morinville, 116 R.I. 507, 511-12, 359 A.2d 48, 51 (1976)).
 Count I Retaliation
The jury determined that defendants did not retaliate against Jalowy for filing complaints with the Department of Elderly Affairs and the Department of Health concerning patients other than his mother.
The plaintiff requests judgment notwithstanding this verdict, or in the alternative, a new trial. Jalowy premises entitlement to such relief based upon the assertion that defendants failed to refute the presumption that they retaliated against Jalowy as a result of his complaints and reports.
According to G.L. § 23-17.8-2(a) certain individuals, such as physicians, nurses, police officers, social workers, and any other persons employed at a facility or in their professional capacity, "who ha[ve] knowledge of or reasonable cause to believe that a patient or resident in a facility has been abused, mistreated, or neglected have a duty to report any incidents of patient abuse, mistreatment, or neglect." However, according to G.L. § 23-17.8-2(b), "any other person may make a report if that person has reasonable cause to believe that a patient or resident of a facility has been abused, mistreated, or neglected." Thus, under subpart (b), Jalowy, as a non-employee, third party was entitled to make any good faith reports of alleged abuse, mistreatment, or neglect.
Although this Court finds that Jalowy was entitled to bring suit under the "Abuse in Health Care Facilities Act," he failed to comply with the terms of G.L. § 23-17.8-2 (a) (1-7) which delineate the mandatory facts to be included in a report of abuse, mistreatment, or neglect. According to G.L. § 23-17.8-2 (a) (1-7) the report must contain the following information:
 "(1) The name, address, telephone number, occupation, and employer's address and the phone number of the person reporting;
 (2) The name and address of the patient or resident who is believed to be the victim of the abuse, mistreatment, or neglect;
 (3) The details, observations, and beliefs concerning the incident(s);
 (4) Any statements regarding the incident made by the patient or resident and to whom they were made;
 (5) The date, time, and place of the incident;
 (6) The name of any individual(s) believed to have knowledge of the incident;
 (7) The name of any individual(s) believed to have been responsible for the incident."
In Jalowy's August 28, 1992 letter to the Department of Elderly Affairs, he complains that two particular nurses in the west wing of the facility "do literally nothing except socialize and smoke cigarettes." Jalowy asserts that while these particular nurses socialized and smoked, residents were "begging for help and were ignored."
Although this Court is mindful of the serious nature of Jalowy's allegations, it is incapable of rendering any type of relief if the reporting requirements are not followed according to G.L. § 23-17.8-2
(a) (1-7). Jalowy fails to name a specific patient or resident as an alleged victim of the abuse, mistreatment, or neglect. Without such essential information, a reasonable juror could not find sufficient evidence to prove acts of retaliation for reporting these vague assertions.
Furthermore, the Court finds that plaintiff's proffered evidence of alleged harassment by Friendly Home staff and the apparent restrictions levied on Jalowy's visits to the Home, were not unequivocally retaliatory measures, but perhaps, potential results of Jalowy's own alleged disruptive and inappropriate behavior while visiting the Home. Examples of such combative and inappropriate behavior include but are not limited to making verbal threats to staff, offering food or drink to patients without medical staff approval and in contravention to staff orders, and engaging in loud and intimidating behavior to staff, patients, and visitors. Thus, in assuming the role of a "superjuror" while reviewing the material evidence, this Court finds, as to Count I Retaliation, that the evidence is so nearly balanced that reasonable minds could and did in fact ultimately differ in making a finding for retaliation. See Reccko v. Crisis Cadillac Co., 610 A.2d 542, 545 (R.I. 1992). Therefore, this Court is satisfied that the jury properly weighed the evidence at trial and responded to the merits of the allegation. See Turgeon v. Davis, 388 A.2d 1172, 1175 (R.I. 1978). Plaintiff's Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for a New Trial is therefore denied.
 Count II Intentional Infliction of Emotional Distress
The jury found defendants liable for intentionally inflicting emotional distress upon Jalowy and awarded him punitive damages in the amount of $50,001.00. The defendants request Judgment as a Matter of Law with respect to this award of punitive damages, as well as Judgment as a Matter of Law with respect to Count II in its entirety, or in the alternative, move for a New Trial.
Our Supreme Court has articulated the following four elements to prove a cause of action for intentional infliction of emotional distress:
 "(1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe."
Swerdlick v. Koch, 721 A.2d 849, 862, (R.I. 1998) (quoting Champlin v. Washington Trust Co. of Westerly, 478 A.2d 985, 988-89 (R.I. 1984)). The Court established that the conduct at issue must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Id. at 863. In addition to these elements, the Court also requires at least some proof of medically established physical symptomatology for both intentional and negligent infliction of mental distress. Id. at 863 (citations omitted).
In support of said motion, defendants argue that there is no evidence to prove intentional infliction of emotional distress because their conduct failed to rise beyond all possible bounds of decency, was not intentional, and did not, in fact cause severe emotional distress. The defendants further assert that Judgment as a Matter of Law is appropriate because Jalowy failed to offer any evidence from which the jury could conclude that he suffered severe emotional distress, reflected by the fact that the jury did not find Jolawy to have suffered any compensatory damages for this tort.
Moreover, defendants maintain that without an actionable claim, or proof of compensable damages, there is no basis to award punitive damages. Finally, defendants further contend that even if there had been sufficient evidence to support a claim for intentional infliction of emotional distress, there was no basis for the jury to impose the extreme sanction of punitive damages.
In reviewing the evidence in the light most favorable to Jalowy and in providing him with the benefit of all reasonable and legitimate inferences, this Court determines that the jury's finding with respect to Count II fails to respond truly to the merits of the controversy and is against the fair preponderance of the evidence. This Court finds that based upon the evidence offered by both sides at trial, the conduct of defendants was not "so outrageous in character and so extreme in degree" to warrant a finding for intentional infliction of emotional distress. Here, defendants' practice of monitoring and limiting Jalowy's visits may have been inconvenient and offensive to him, it is "a far stretch . . . to characterize it as so extreme and outrageous as to be atrocious and utterly intolerable in a civilized community." Swerdlick v. Koch,721 A.2d 849, 863 (R.I. 1998). Furthermore, the Court is satisfied that the evidence shows Jalowy to have caused several disruptions and outbursts at the Home, thus warranting defendants to monitor and in some cases restrict his contact with the Home for the protection of both staff and patients alike. Moreover, from February 1993 through trial, the Superior Court enforced such monitoring between the parties by way of orders that permitted Jalowy to visit his mother only during certain hours and on certain days, while restricting such visits to the Home's lobby area only.
Our Supreme Court has determined that liability shall not be imposed for the tort of intentional infliction of emotional distress "when [defendants have] done no more than insist on [their] legal rights in a permissible way, even though such insistence is likely or even certain to annoy, disturb, or inconvenience [plaintiff] or even cause [plaintiff] to suffer some emotional distress." Id. at 863 (citing Champlin v. Washington Trust Co. of Westerly, 478 A.2d 985, 989 (R.I. 1984); Clift v. Narragansett Television L.P., 688 A.2d 805, 813 (R.I. 1996); Restatement (Second) Torts, § 46 cmt.g, at 76)).
The defendants have provided a myriad of case law indicating that a majority of jurisdictions do not award punitive damages in the absence of an award for compensatory damages.[1] Our Supreme Court has not decided this issue and thus, this Court will not speculate now as to its probable holding.
However, with respect to punitive damages, the Court has noted that they are: "an extraordinary sanction" Johnson v. Johnson, 654 A,d 1212, 1217 (R.I. 1995); "disfavored in the law" Id. at 1217; and "permitted only with great caution and within narrow limits." Picard v. Barry Pontiac-Buick, Inc., 654 ,2d 690, 696 (R.I. 1995). This Court finds that defendants' conduct is not extreme conduct of "such willfulness, recklessness or wickedness, . . .which for the good of society and warning to the individual, ought to be punished" by the imposition of punitive damages. Palmisano v. Toth, 624 A.2d 314, 318 (R.I. 1993). The acts by defendants — namely limiting and monitoring Jaloway's visits to his mother — in this Court's judgment, in no manner rise to this high, requisite threshold of wickedness.
Thus, defendants' Motion for Judgment as a Matter of Law with respect to the award of punitive damages as well as Judgment as a Matter of Law with respect to the entirety of Count II is granted.
 Plaintiff's Request for Additur or Motion for New Trial as to Counts II And III
The plaintiff maintains that because he was improperly limited in his closing argument before this Court, he was unable to fully explain his damage request to the jury, and thus they misunderstood the methodology involved in awarding damages. As a result, plaintiff requests an additur to modify this perceived error in the award and actually award compensatory damages, or in the alternative, a new trial in which he would be afforded the opportunity to convey the reasons underlying his argument for damages.
"It is a long-standing rule of law that the trial justice sitting in a jury trial may, in the exercise of his sound discretion, limit the scope and extent of counsel's closing argument." Barnes v. Quality Beef Co., Inc., 425 A.2d 531, 535 (R.I. 1981) (citing Wrynn v. Downey, 27 R.I. 454, 467, 63 A. 401, 406 (1906)). This Court believes that it properly exercised its discretion in limiting plaintiff's closing argument and that plaintiff suffered no prejudice therefrom.
Once again, this Court must act as a "superjuror" in considering plaintiff's Motions for an Additur or a New Trial. Silva v. Spooner,692 A.2d 336, (R.I. 1997) (citing Hayhurst v. LaFlamme, 441 A.2d 544, 547 (R.I. 1982). The Court shall not modify a jury's pain-and-suffering award unless such a "`demonstrable disparity exists between the amount assigned by the jury and the actual damages sustained that the verdict is unresponsive to the controversy and fails to render substantial justice between the parties.'" Id. at 337 (quoting Hayhurst v. LaFlamme, 441 A.2d at 546-47).
In light of this Court's determination that there was no evidence from which a reasonable jury could find intentional infliction of emotional distress, it logically ensues that plaintiff is not entitled to Additur or a New Trial on either Count II or Count III.
 Conclusion
Thus, defendants' Rule 50 (b) Motion is granted and plaintiff's Motion for Judgment Notwithstanding the Verdict is denied as to Count I. Additionally, plaintiff's Motion for Additur or in the alternative, Motion for New Trial is denied.
[1] See, e.g., Amwest Savings Association v. Statewide Capitol, Inc., 144 F.3d 890, n. 5 (5th Cir. 1998) (punitive damages are not recoverable absent recovery of compensatory damages); Morsey v. Chevron, USA, Inc.,94 F.3d 1470, 1477 (10th Cir. 1996) (actual damages are a prerequisite to punitive damages); Gateway Technologies, Inc. v. MCI Telecommunications Corp., 64 F.3d 993, 999 (5th Cir. 1995) (the law requires an award of punitive damages be supported by an award of compensatory damages); Estate of Taylor v. Lilienfield, 744 A.2d 1032, 1036 (D.C. 2000) (where there is no basis for compensatory or actual damages, there can be no consideration for punitive damages); Caldor, Inc. v. Bowden, 330 Md. 632, 661, 625 A.2d 959, 973 (1993) (award of compensatory damages is a threshold condition underlying an award of punitive damages).