DECISION
Before the Court is plaintiff's Motion for a New Trial, pursuant to Rule 59(b) or, in the alternative, an Additur and a Renewed Motion for Entry of Judgment pursuant to Rule 50(b). For reasons set forth below, both of plaintiff's motions are denied.
 FACTS/TRAVEL
On April 23, 2002, a Superior Court jury began hearing testimony concerning the facts surrounding this civil action for assault and battery. Two days later on April 25, the jury returned a verdict in favor of David Fenwick (plaintiff). The jury found a battery did occur, but the battery did not amount to an assault. Damages in the amount of $1.00 were awarded to plaintiff.
At the time of the incident, plaintiff and Claire Oberman (defendant) were employed and working in the Providence office of the United States Housing and Urban Development (HUD). Defendant was plaintiff's supervisor. On June 3, 1994, defendant reached out and placed her hands over plaintiff's mouth. As a result of the touching, plaintiff allegedly had difficulty swallowing, suffered a broken blood vessel in his right check and a red and puffy face. In addition, plaintiff claimed to suffer humiliation and insult from his co-workers as well as fear, nausea, and a negative effect on his ability to perform his employment duties.
After entry of judgment, plaintiff filed the subject motions with the Court. Plaintiff argues that the Court erred by not instructing the jury on punitive damages as well as the exclusion of evidence concerning defendant's state of mind. In the alternative, plaintiff seeks an additur to the one ($1) dollar damage award.
 STANDARD OF REVIEW
Rule 50 of the Superior Court Rules of Civil Procedure, entitled "Judgment as a Matter of Law in Actions Tried by Jury; Alternative Motion for New Trial," provides in pertinent part:
 "(b) Renewal of Motion for Judgment After Trial; Alternative Motion for New Trial: Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law. If no verdict was returned, the court may, in disposing of the renewed motion, direct the entry of judgment as a matter of law or may order a new trial."
In ruling on a motion for Judgment as a Matter of Law, the trial justice must consider the evidence in the light most favorable to the nonmovant, absent any questions of credibility, but without benefit of any inferences based on conjecture, speculation, or surmise. Long v.Atlantic PBS, Inc., 681 A.2d 249, 252 (R.I. 1996) (citing Souza v.Narragansett Council, Boy Scouts of America, 488 A.2d 713, 715 (R.I. 1985)); see, also, Norton v. Boyle, 767 A.2d 668 (R.I. 2001). Our Supreme Court has determined that a verdict may be directed only when the evidence authorizes only one legitimate conclusion in regard to the outcome. Long, 681 A.2d at 252 (citing Kenney Manufacturing Co. v.Starkweather Shepley, 643 A.2d 203, 206 (R.I. 1994)).
Under these circumstances, it is the function of the trial justice to act as a "super juror" who, in light of the charge to the jury, can weigh the evidence, pass on credibility, and draw appropriate inferences therefrom. Id. at 254 (citing Barbato v. Epstein, 97 R.I. 191, 193-194,196 A.2d 836, 837 (1964)); see, also, English v. Green, 787 A.2d 1146
(R.I. 2001). "Relying on the evidence accepted and inferences drawn, the trial justice must: `decide whether to approve the verdict even against doubts as to its correctness because the evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon; or, in the alternative, to set it aside when his [or her] judgment tells him [or her] that it is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence.'" Long, 681 A.2d at 254-255 (quoting Barbato, 97 R.I. at 194, 196 A.2d at 837). Our Supreme Court has established that a trial justice need not offer an extended "dissertation of the evidence adduced at trial, but should provide enough reasoning so reviewing court can determine whether the decision was rationally premised." Long v.Atlantic, supra, (citing Morinville v. Morinville, 116 R.I. 507, 511-12,359 A.2d 48, 51 (1976)).
The standard for our review of the grant or denial of a motion for a new trial is also well settled. Martinelli v. Hopkins, 787 A.2d 1158, 1165 (R.I. 2001) (citing Dilone v. Anchor Glass Container Corp.,755 A.2d 818, 821 (R.I. 2000)). Like the standard for a directed verdict, on a motion for a new trial, the trial justice must review the trial evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses. Id. In doing so,
 "[a] trial justice sits as the super [seventh] juror and is required to independently weigh, evaluate, and assess the credibility of the trial witnesses and evidence. If the trial justice determines that the evidence is evenly balanced or is such that reasonable minds, in considering that same evidence, could come to different conclusions, then the trial justice should allow the verdict to stand." Id. (quoting Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) and Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)).
 ANALYSIS
Sitting as a `super' juror, the Court has reviewed the credibility of the trial witnesses and evidence. The jury determined the touching that occurred between the two parties did not rise to the level of an assault and that only nominal damages were necessary to compensate plaintiff. This decision was based upon the substantial evidence and testimony that was presented to the jury at trial.
Based upon the testimony of plaintiff, defendant, and Mrs. Carpentier, a witness to the event, it is absolutely clear what transpired. Plaintiff noticed that books on shelf in his work area had been removed and/or rearranged. His response to this occurrence was to have a tantrum which he directed to defendant. He continued unabated until defendant either cupped her hand over his mouth (defendant's version) or tried to strangle him (plaintiff's version). Mrs. Carpentier testified that, defendant had tried to quiet plaintiff but her version does not jibe with plaintiff's version. With the exception of plaintiff's outburst regarding his bookshelf, the incident was a benign event.
While the Court, had it been the trier of fact, would not have found that a battery had occurred, the jury was entitled to reach that conclusion, given the contact however brief. The jury's award of $1.00 was, without question, appropriate. Defendant and Mrs. Carpentier were as credible and compelling as plaintiff was not. The verdict responds to the merits of the case.
The jury weighed the credibility of the testimony of plaintiff, defendant, and Mrs. Carpentier in making its determination. After reviewing the evidence, the Court is satisfied that the jury verdict properly responds to the evidence as presented. The errors that are alleged by plaintiff, namely a failure to instruct on punitive damages, do not warrant a new trial or entry of judgment in favor of plaintiff, or in the alternative, an additur.
This case presents a situation where defendant placed her hand over plaintiff's mouth during an office dispute. The evidence supports the finding that this action constituted a battery. Defendant argued that plaintiff is making more out of this incident than actually occurred and that it does not rise to the level of an assault. Since the evidence presented at trial supports this conclusion, both the jury and the Court agree with defendant that no assault occurred.
 CONCLUSION
Since the verdict responds to the merits of this controversy and administers substantial justice, the verdict and the nominal damages awarded shall stand. Plaintiff's Motion for a New Trial, or in the Alternative an Additur, and Renewed Motion for Entry of Judgment are denied.
Counsel shall submit the proper order for entry.