DECISION
This matter is before the Court on Plaintiff Alfred Elman's (hereinafter the Plaintiff) motion for a new trial pursuant to Super. R.Civ.P. 59, to which the Defendant objects; and on the motion of Defendant Providence Water Supply Board's (hereinafter the Defendant) motion for costs, pursuant to Super. R.Civ.P. 54(d) and 54(e). On September 5, 2002, the jury returned a verdict in favor of the Defendant.
 Facts/Travel
The Plaintiff brought a negligence action against the Defendant. The matter was tried before a jury on September 5, 2002. The Plaintiff alleges that the Defendant negligently performed repairs to a street adjacent to the Plaintiff's building and that the negligent actions caused the Plaintiff's building to become damaged. (Pl.'s Compl. at 1.) Specifically, the Plaintiff argued that as a result of Defendant's negligence, his building sustained cracked walls and a broken boiler room door that would cost $8,862.50 to repair. (Pl.'s Compl. at 2.) On September 5, 2002, the jury found in favor of the Defendant on the negligence count.
Plaintiff timely filed the instant motion for a new trial to which the Defendant objected. In his motion, the Plaintiff asserts that a new trial should be granted based on the grounds that (1) the jury verdict is clearly wrong as it fails to respond truly to the merits; (2) it fails to administer substantial justice between the parties; and (3) the verdict was clearly against the weight of the credible evidence. The Defendant responds that the jury had adequate credible evidence to support its verdict and the verdict should not be disturbed. The Defendant, as the prevailing party in this suit, further moves for costs in the amount of $780.95.
 Standard of Review
The motion for a new trial comes before this Court pursuant to Super. R. Civ. 59, which provides that:
 "[a] new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state."
The role of a trial justice when reviewing a motion for a new trial is well settled in this jurisdiction. The trial justice, sitting as an extra juror, must "independently weigh, evaluate and assess the credibility of the trial witnesses and evidence." Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quoting Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)). He or she may accept some or all of the evidence and reject testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence or because it is inherently improbable or at variance with undisputed physical facts or laws.Barbarto v. Epstein, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice also may add to the evidence by drawing proper inferences.Id. at 193-94, 196 A.2d at 837. Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v.Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Recckov. Criss Cadillac Co., Inc., 610 A.2d 542, 545 (R.I. 1992) (citingSarkisian v. New Paper, Inc., 512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545 (citingZarrella v. Robinson, 460 A.2d 415, 418 (R.I. 1983)).
 Review of the Evidence
The Plaintiff argues that the evidence, including the testimony of the Defendant, established that the Defendant breached a duty of care to the Plaintiff when it excavated the adjoining street. The Plaintiff contends that the Defendant's failure to meet this standard of care resulted in his building sustaining damages which could have been prevented. The Defendant counters that he was not negligent and did not cause the damages to the Plaintiff's building.
To succeed in a negligence action, a plaintiff must prove that (1) the defendant owed a legal duty to refrain from negligent activity; (2) the defendant breached the duty; (3) that the breach proximately caused injury to the plaintiff; and 4) actual loss or damage resulted therefrom. Splendorio v. Bilray Demolition Co. Inc., 682 A.2d 461, 466 (R.I. 1996). In particular, a plaintiff must establish a standard of care, as well as a defendant's deviation from that standard. Souza v.Chaset, 519 A .2d 1132, 1135 (R.I. 1987).
In the instant action, the Plaintiff maintains that the evidence presented at trial met his burden of proof to establish a claim of negligence. The Plaintiff testified and presented his own evidence. In addition, the Plaintiff introduced the testimony of a property manager and two tenants of the building. The Plaintiff testified that the building was in good repair prior to the excavation and that after the excavation there were cracks in the walls and a broken door. The tenants of the building, Mirta and Jesus Alvarez, testified that they were present in the building during the excavation and witnessed the walls cracking and the door breaking. The property manager, Neil DiMeglio, testified that during his May 20, 2000 inspection of the property, the building showed damages that would cost $8,862.50 to repair. Mr. DiMeglio further testified that based on his 50 years of experience in the construction business, it was his opinion that the damage was new and was not the result of normal wear and tear on a building.
The Defendant introduced testimony of a claims examiner, an excavation supervisor, and a structural engineer. The claims examiner, Ernest Rowe, testified that he inspected the property on three occasions over a two-year period. Mr. Rowe's testimony supported the Defendant's argument that the damage to the building was not necessarily caused by the excavation of the adjoining street. The excavation supervisor, Mark Haroian, testified as to the procedures that the Defendant used on the day of the excavation. In his testimony, Mr. Haroian reported that there was no indication that the excavation work damaged the Plaintiff's adjoining property. Mr. Haroian further testified that the repair of the water main was successful. The structural engineer, Jiten Shah, testified that he had inspected the building after the incident and that in his opinion the damage was not caused by the excavation work. These defense witnesses supported the Defendant's argument that that it was not negligent and that there was not sufficient evidence to show that the damage caused to the Plaintiff's building was a result of the excavation.
This Court considered the testimony presented by witnesses for both parties. The testimony of Mr. Rowe and Mr. Shah for the defense was particularly credible. After reviewing the evidence before it, this Court finds that the evidence is evenly balanced and is such that reasonable minds, in considering the same evidence, could come to different conclusions. It is clear to this Court that the jury's verdict is supported by the fair preponderance of the evidence and the reasonable inferences drawn therefrom. As such, this Court must allow the verdict of the jury to stand.
 MOTION FOR COSTS
As the prevailing party in the instant matter, the Defendant moves pursuant to Super. R.Civ.P. 54(d) and 54(e), to tax the costs of the suit to the Plaintiff. A prevailing party in a civil action is entitled to recover costs "except where otherwise specially provided, or as justice may require, in the discretion of the court." Rhode Island General Laws 1956 § 9-22-5. Our Supreme Court has held that costs are normally considered the expenses of suing another party, including filing fees and fees to serve process. Kottis v. Cerilli, 612 A.2d 661, 669 (R.I. 1992). However, it is well settled in this jurisdiction that it is in the discretion of the trial judge to award costs to a prevailing party in a civil action. Liberty Mutual Insurance. Co. v. Tavarez, 797 A.2d 480
(R.I. 2002); Chiaradio v. Falck, 794 A.2d 494 (R.I. 2002); 612 A.2d 661
(R.I. 1992). A trial judge may take into consideration how close the case was, the complexity of the case, and the nature of the case when deciding whether to award costs to the prevailing party. Remington Prods., Inc.v. North Am. Phillips Corp., D.C. Conn. 1991, 763 F. Supp. 683 . In the instant case, this Court grants the Defendant's motion for costs inasmuch as the costs enumerated were reasonable and necessary.
 CONCLUSION
After reviewing all of the evidence before it, this Court denies the Plaintiff's motion for a new trial. The Defendant's motion for costs is granted.
Counsel shall submit the appropriate order for entry.