386 A.2d 634.

Patricia C. Galusha *et al. v.* Kathryn M. Carlson.

MAY 25, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.   This is a civil action to recover damages for personal injuries arising from an automobile accident. The case was tried to a Superior Court justice sitting with a jury. After a jury verdict for the defendant, the trial justice granted the plaintiffs' motion for a new trial. The defendant appeals.

This case arises from a rear-end collision which occurred in the southbound lanes of Interstate Route 95 in the city of Warwick on the night of November 1, 1971 at about 5:30 p.m. On the night in question plaintiff testified that she was proceeding in a southbound direction in the third or "high-speed" lane of the highway when she observed that the traffic in front of her was slowing down. As a result, she stated, she came to a complete stop for a matter of moments. She further testified that the traffic began to move, and as she lifted her foot from the brake, lights from behind illuminated her car. She stated that she saw something dart off to her left and then her vehicle was struck from the rear. The impact caused plaintiff's car to strike the vehicle ahead of her. The plaintiff also testified that she noticed what she believed was a Volkswagon on the grass median strip off to her left.

The defendant, Kathryn M. Carlson, testified that at the time the accident occurred she also was returning from her place of employment and was traveling in the "high-speed" southbound lane at a speed of 55 to 60 miles per hour in heavy traffic when there was a flash of brake lights and a truck about eight car lengths in front of her vehicle veered off onto the grassy median strip. She said that she applied her brakes but that her vehicle was still moving when it struck plaintiff's vehicle. She stated that traffic had stopped in front of the truck. The defendant further testified that the truck had been traveling at a rate of speed comparable to her own and that she had been following the truck for some time. She stated that the truck was wider than her vehicle and entirely blocked out the view directly in front of her. The defendant asserted that following the collision, she saw the truck which had veered off the highway resting on the median in a position directly behind and to the left of her vehicle. On cross-examination, defendant testified that, immediately prior to the collision, she was unaware that the truck in front of her vehicle was obstructing her field of vision.

The trial justice instructed the jury that the case was governed by the comparative negligence statute. He further

instructed the jury on the "sudden emergency" doctrine so-called as follows:

> "If you find that the defendant, Mrs. Carlson, was confronted with an emergency not of her own making; that prior thereto she was in the exercise of due care; and that when so confronted she did everything which a reasonably prudent person would be expected to do under the same or similar circumstances, then your verdict must be for the defendant.

> "The operator of a motor vehicle on a highway, in the absence of knowledge to the contrary, properly may assume that another person using the highway will obey the law.

The trial justice also instructed the jury that a rear-end collision is prima facie evidence of negligence against the driver of the car in the rear.

The jury returned a verdict for defendant. Subsequently a judgment for defendant was entered. Thereafter the trial justice granted plaintiffs' motion for a new trial.

The question for determination on appeal is whether the trial justice erred in granting plaintiffs' motion for a new trial.

In considering an appeal from a trial justice's decision either granting or denying a motion for a new trial, this court must consider whether the trial justice properly performed his function as a "thirteenth juror" who independently reviews all the material evidence in the light of his charge to the jury. *Gordon* v. *Campanella Corp.*, 112 R.I. 417, 311 A.2d 844 (1973). Having done this he must then determine whether the evidence as thus considered is such that reasonable minds might come to different conclusions, in which case he should not disturb the jury's verdict. If, however, his independent judgment tells him that the jury verdict is wrong because it fails to respond truly to the merits of the controversy and to administer substantial justice and is against the

preponderance of the evidence, he should set aside the jury's verdict and order a new trial. *Barbato* v. *Epstein,* 97 R.I. 191, 196 A.2d 836 (1964). In the absence of a showing that the trial justice failed to perform his duty or that, in so performing his duty, he overlooked or misconceived material evidence or was otherwise clearly wrong, his decision will not be disturbed on appeal. *Handy* v. *Geary,* 105 R.I. 419, 252 A.2d 435 (1969).

In the case at bar, the trial justice, after reviewing and discussing the evidence, concluded that the jury's verdict was inconsistent with the evidence and with the instructions given to the jury.[1] The trial justice found that there was no evidence of any sudden stop or any sudden emergency since the uncontradicted testimony of plaintiff was that she had been stopped for several seconds. The trial justice further found that defendant would have been able to avoid the collision had she maintained a proper lookout and that she was negligent in traveling at a high rate of speed when her field of vision was obstructed. He further found that if defendant had been exercising due care she would have been able to stop her car by braking and thereby avoid striking plaintiffs' car or have been able to avoid the collision by driving onto the median strip. It was his view that the turning off the highway by the truck was not a sudden emergency which would absolve defendant of responsibility for the collision but rather was a method by which defendant could also have avoided the collision.

We have held that proof of a rear-end collision is prima facie evidence of negligence against the driver of the car in the rear, that the burden of explaining by evidence then shifts to defendant, and that the ultimate burden of proof in the case on all issues is still on the plaintiff. *Rivard* v. *Plante,* 80 R.I. 312, 96 A.2d 644 (1953).

---

[1]While there was sufficient evidence in the record to warrant submission to the jury on the question of a sudden emergency, the trial justice in ruling on a motion for a new trial properly decided on the evidence that the doctrine of sudden emergency did not apply.

The defendant argues that she rebutted plaintiffs' prima facie showing of negligence by establishing that the collision occurred in the context of a sudden emergency. Whether the collision was the result of an unexpected emergency to which defendant did not contribute by her own negligent conduct or whether in such an emergency she exercised the care that a reasonably prudent person would have exercised under similar circumstances were questions of fact to be decided by the jury in the first instance and which the trial justice properly considered in reviewing the evidence on plaintiff's motion for a new trial. *See Pizza* v. *O'Malley*, 59 R.I. 298, 195 A. 342 (1937).

Here, the trial justice reviewed the evidence and found that plaintiff was not negligent and that defendant on the other hand was negligent and that the verdict of the jury failed to do justice to the parties. The defendant, before us, asserts that this determination by the trial justice consituted an improper susbstitution of his judgment for that of the jury. This contention is without merit since it is well settled that every time a new trial is granted on the ground that the verdict is contrary to the evidence, there is indeed a substitution of the trial justice's conclusion for the finding of the jury. *Gordon* v. *Campanella Corp., supra.*

On appeal, the defendant must persuade us that in considering the motion for a new trial, the trial justice failed to perform his duty of that in performing his duty, he either overlooked or misconceived material evidence or was otherwise clearly wrong. In our judgment the trial justice correctly performed his duty. In setting aside the jury verdict and granting a new trial, he neither overlooked nor misconceived any material evidence; nor was he clearly wrong. We therefore will not disturb his decision.

The defendant's appeal is denied and dismissed, and the case is remanded to the Superior Court for a new trial.

*Hogan & Hogan, Edward T. Hogan,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.