**Carolmarie PLOURDE et al.**

v.

**Ray MYERS, alias Jane[1] Doe.**

**No. 2002–12–Appeal.**

Supreme Court of Rhode Island.

June 3, 2003.

---

**1.** The complaint names defendant as Ray Myers, alias John Doe. However, because defendant is a female we have chosen to use Jane Doe instead.

Ronald J. Resmini, Providence, for Plaintiff.

Rebecca C.H. McSweeney, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this personal injury action resulting from a rear-end collision, the plaintiffs, Carolmarie Plourde (Carolmarie), and her husband Michael Plourde (Michael) (collectively referred to as plaintiffs), appeal several rulings made by a Superior Court trial justice. Specifically, the plaintiffs complain that the trial justice erroneously (1) denied their motions for judgment as a matter of law and new trial, (2) permitted evidence of minimal automobile damage to demonstrate lack of injury absent expert testimony, (3) failed to *voir dire* the jury at the close of evidence about whether Allstate, the defendant's insurer, employed any of the jurors, and (4) failed to charge the jury on the law of a particular statute.

This case came before the Supreme Court for oral argument on April 9, 2003, following an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

On February 16, 1999, defendant Ray Myers (defendant), arrived at Rhode Is-

land Hospital for a medical appointment at approximately 10 a.m. While searching for a parking space, her car "lurched" and bumped two other cars in the lot. The defendant believed that her car was improperly functioning, causing the "lurch." After reporting the incident to security and attending her appointment, defendant attempted to contact the American Automobile Association (AAA) to tow her car. After failing to reach AAA, she took the bus home. She eventually found an automobile mechanic to inspect her car in the hospital parking lot, but he found nothing wrong. Because she believed her car was malfunctioning, defendant decided to drive the car to a garage where it could be further examined.

While waiting in line to pay for parking in the hospital lot, defendant's car "lurched" again as she attempted to inch forward in the crowded line, making contact with the rear end of the car in which plaintiffs were passengers. The defendant retreated from the line and moved back into the parking lot, where she spoke with a security officer. The officer took her information, told her "it was nothing," and that the other car already had left.

The defendant refused to drive and left her car in the lot. The car later was towed to a garage near her home. After a second examination, a mechanic determined that defendant's car was in good working order. Later that day, defendant's son retrieved the car. The defendant has not driven since.

The plaintiffs filed suit against defendant for injuries that Carolmarie alleges she suffered from the rear-end collision in the hospital parking lot ticket line. Michael asserted a claim for loss of consortium. At trial, Carolmarie testified that she was at the hospital on February 16, 1999, because an ambulance brought her there after she partially fainted. Carol-

marie admitted that while at the hospital she received Morphine for pain and Compazine for nausea and dizziness.

Carolmarie testified that at the time of the accident her head was resting on her hand, and at the moment of impact her body moved forward, but her arm and shoulder did not. She explained that she did not actually experience any shoulder or neck pain from the accident until almost two days later, at which point she contacted her physician. However, she did not see her doctor until six days after the phone call, approximately eight days after the accident. Carolmarie continued to work without missing a day, although she testified that she experienced discomfort while at work because of the injuries.

Counsel for defendant used several photographs of Carolmarie's car when cross-examining her to help illustrate the absence of damage to the vehicle. Defense counsel again referred to the photographs in her closing argument, and plaintiffs' counsel lodged no objection.

At the close of the evidence, plaintiffs' counsel moved for judgment as a matter of law. The trial justice denied the motion, ruling that, based on the evidence, a reasonable jury could find that defendant was not negligent. The plaintiffs then requested that the trial justice consider issuing a jury instruction that defendant-driver had a duty to maintain her vehicle in a safe condition before operating it on a public highway pursuant to G.L.1956 § 31–23–1. The trial justice denied the request, explaining that the statute did not apply to a vehicle operating within a private parking lot.

Before closing arguments, plaintiffs requested that the trial justice *voir dire* the jurors to determine whether "any of them are, in fact, insured by Allstate," the de-

fendant's insurer. The trial justice denied the request.

The jury returned a verdict in favor of defendant. The trial justice then denied plaintiffs' renewed motion for judgment as a matter of law and/or new trial finding that "the evidence was evenly balanced, [and] that different minds could fairly come to a different conclusion as to the actions of the defendant in this matter." The plaintiffs timely appealed.

## II

### Motions for Judgment as a Matter of Law and New Trial

■ We review a motion for judgment as a matter of law in the same manner as the trial justice. We examine: "the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party. * * * If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination." *Filippi v. Filippi,* 818 A.2d 608, 617 (R.I.2003) (quoting *Marketing Design Source, Inc. v. Pranda North America, Inc.,* 799 A.2d 267, 271 (R.I.2002)). "When there are no relevant factual issues and 'defendant is entitled to judgment as a matter of law, then the trial justice should grant the motion and dismiss the complaint.'" *Id.* (quoting *Marketing Design Source, Inc.,* 799 A.2d at 271–72).

■ At the close of defendant's case, plaintiffs moved for judgment as a matter of law on the issue of liability. The trial justice denied the motion because he con-

cluded that if the jury accepted defendant's testimony it could find that she acted reasonably and had overcome the presumption of negligence created in rear-end collision cases. *See Lord v. Major,* 729 A.2d 697, 700 (R.I.1999). We agree with the trial justice.

After the verdict, plaintiffs renewed their motion for judgment as a matter of law and, in the alternative, moved for a new trial. The trial justice denied both motions. We agree with the trial justice's decision to deny the renewed motion for judgment as a matter of law for the reasons stated above.

■ Furthermore, the trial justice also properly denied the motion for new trial. "It is well established that the trial justice acts as a 'superjuror' in considering a motion for a new trial." *Saber v. Dan Angelone Chevrolet, Inc.,* 811 A.2d 644, 652 (R.I.2002) (quoting *English v. Green,* 787 A.2d 1146, 1149 (R.I.2001)). In doing so, the trial justice "reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses, and exercises his * * * independent judgment [in] his * * * determination either granting or denying a motion for new trial * * *." *English,* 787 A.2d at 1149 (quoting *Kurczy v. St. Joseph Veterans Association, Inc.,* 713 A.2d 766, 770 (R.I.1998)). "If the trial justice determines that the evidence is evenly balanced or that reasonable minds could differ on the verdict, he should not disturb the jury's decision." *Saber,* 811 A.2d at 652 (quoting *Rezendes v. Beaudette,* 797 A.2d 474, 477–78 (R.I. 2002)). We will not disturb that determination unless the trial justice has overlooked or misconceived material and relevant evidence or otherwise was clearly wrong. *English,* 787 A.2d at 1149 (quoting *Kurczy,* 713 A.2d at 770). The trial justice provided a brief recitation of the facts and his jury instructions in considering the mo-

tion for new trial. He noted the jury's decision to accept defendant's testimony as true and that the jury appropriately weighed the evidence, "which permitted them to conclude that the plaintiff had failed to prove that [defendant] was negligent." The trial justice then concluded that "the evidence was evenly balanced, [and] that different minds could fairly come to a different conclusion as to the actions of the defendant in this matter."

■ The trial justice's review of the evidence, although brief, was sufficient and covered all relevant aspects of law and fact. Although a rear-end collision does create *prima facie* evidence of negligence, "it does not foreclose the issue of liability." *Lord*, 729 A.2d at 700. A jury retains the fact-finding power to determine whether a defendant acted as a reasonable person in the factual situation presented. *See Galusha v. Carlson*, 120 R.I. 204, 208, 386 A.2d 634, 636 (1978). This jury found that defendant acted reasonably, and the trial justice properly reviewed its finding. As a result, we conclude that the trial justice did not err in denying the motion for new trial.

### III

### Use of Photographs

■ The plaintiffs contend that the trial justice should not have allowed defense counsel to use photographs of the minimal damage to Carolmarie's car to prove that she could not have suffered severe injuries. To do so, plaintiffs assert that defendant must employ expert testimony. However, at no time did plaintiffs object to the use of the photographs other than to contest lack of foundation. The objections made no reference to the need for expert testimony. Furthermore, plaintiffs never objected to defendant's reference to the photographs during closing argument. Accordingly,

under our well-settled raise or waive rule that issues not objected to and specifically addressed at trial will not be heard on appeal, we conclude that plaintiffs waived their current argument about the use of the photographs. *See State v. Breen*, 767 A.2d 50, 57 (R.I.2001).

### IV

### Jury Instructions

■ The plaintiffs contend that the trial justice erred in declining to instruct the jury that pursuant to § 31–23–1, a driver has a duty to maintain his or her vehicle in a safe operating condition before operating on a public highway. Because the accident took place in a private parking lot and not on a public highway, the trial justice concluded that the statute did not apply. Accordingly, he denied the request.

■ "We review a trial justice's charge to the jury in its entirety, 'in light of the meaning and interpretation that a jury composed of ordinary, intelligent lay persons would give [to the instructions].'" *Patino v. Suchnik*, 770 A.2d 861, 866 (R.I. 2001) (quoting *Neri v. Nationwide Mutual Fire Insurance Co.*, 719 A.2d 1150, 1153 (R.I.1998)). Furthermore, "[t]he charge given by a trial justice need only 'adequately cover[] the law.'" *State v. Hurteau*, 810 A.2d 222, 224–25 (R.I.2002) (quoting *State v. Krushnowski*, 773 A.2d 243, 246 (R.I.2001)). Therefore, the jury need be instructed only on the relevant and applicable law.

In this case, the trial justice accurately concluded that § 31–23–1 did not apply. It was undisputed that the accident occurred in a parking lot on private property. Section 31–23–1(a) states: "It is a civil violation for any person to drive or move, or for the owner to cause or knowingly permit to be driven or moved, on any highway any vehicle * * * which is in such

an unsafe condition as to endanger any person * * *." The Legislature made it clear in G.L.1956 § 31–12–1 that chapters 12 through 27 of title 31 apply "exclusively to the operation of vehicles upon highways and on all state, city or town owned public property * * *." The Rhode Island Hospital parking lot is neither a highway nor a public property owned by the state, city or town. Therefore, the trial justice properly refused to instruct the jury as requested.

## V

### *Voir Dire*

The plaintiffs assert on appeal that the trial justice erred in refusing to ask, through *voir dire,* whether Allstate employed any of the jurors. However, plaintiffs' actual request at trial was for the trial justice to *voir dire* the jurors to determine whether any were insured by, not employed by, Allstate. Specifically, at the close of evidence, plaintiffs' counsel stated: "I'm asking the [c]ourt in its own manner and fashion to *voir dire* the jurors, to determine if any of them are, in fact, insured by Allstate." Consequently, because plaintiffs never asked the trial justice to *voir dire* the jurors with respect to employment by Allstate, the issue has been waived.

### Conclusion

Accordingly, the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is affirmed and the papers of the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.