March 22, 2022

State                          :

v.                          :

Michael Burkinshaw.                          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| | |
|---|---|
| State | : |
| v. | : |
| Michael Burkinshaw. | : |

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The defendant, Michael Burkinshaw (defendant or Mr. Burkinshaw), appeals from a Superior Court judgment of conviction and commitment for one count of resisting arrest. Mr. Burkinshaw assigns the following three errors with respect to the trial proceedings: (1) The trial justice committed reversible error by failing to instruct the jury on a defense to the charge of resisting arrest; (2) the trial justice committed reversible error by failing to pass the case following the state's inclusion of certain remarks in its opening statement; and (3) the trial justice committed prejudicial error by refusing to allow a certain line of questioning on cross-examination of the arresting officer. For the reasons stated herein, we affirm the judgment of the Superior Court.

- 1 -

## Facts and Procedural History

On July 2, 2018, Michael Burkinshaw was arrested in Newport, Rhode Island, and charged with three misdemeanors: disorderly conduct, resisting arrest, and vandalism. Ultimately, the disorderly conduct and vandalism charges were dismissed. However, the state proceeded against Mr. Burkinshaw on the charge of resisting arrest, which culminated in a jury trial in the Superior Court.

Prior to trial, Mr. Burkinshaw challenged the admissibility of his prior contacts with the police. The trial justice granted defendant's motion *in limine* on this evidentiary matter. Nevertheless, in its opening statement, the state referenced the arresting officer's familiarity with Mr. Burkinshaw. Defense counsel moved to pass the case, arguing that the state had prejudicially alluded to Mr. Burkinshaw's prior contacts with the police, in violation of the trial justice's ruling on his motion *in limine*. The trial justice denied the motion to pass and offered a cautionary instruction.

After the trial justice denied the motion to pass, the trial proceeded. Central to the state's case at trial—and to this appeal—are the circumstances surrounding the arrest for which Mr. Burkinshaw was charged with resisting. The following testimony was elicited at trial. On July 2, 2018, at around 12:30 p.m., a patrol officer of the Newport Police Department, Officer David Turmel, was dispatched to 76 Broadway in Newport, near the Paramount Apartments, to manage "an unwanted

party."  As Officer Turmel arrived in the area in his police cruiser, he approached and was able to identify Mr. Burkinshaw near an establishment called "Scratch Restaurant."  From Officer Turmel's perspective, Mr. Burkinshaw was "[a]ngry, animated, waving his arms and pointing, swearing, extremely vulgar."  More specifically, he observed Mr. Burkinshaw directing vulgarities toward a woman, pointing, cursing, and using extremely vulgar language.  Officer Turmel testified that there were several families with children around, so he "told [Mr. Burkinshaw] specifically there are several children around, please stop using that language.  Let's walk over here and talk about why I was dispatched."

According to Officer Turmel, Mr. Burkinshaw continued "nonstop cursing, waving his arms, pointing, [using] just extremely vulgar language[,]" and he ignored Officer Turmel's request to move away from the area.  Officer Turmel told Mr. Burkinshaw to move away from the area four or five more times before placing his hands on Mr. Burkinshaw to escort him away from the Scratch Restaurant area. Officer Turmel testified that Mr. Burkinshaw then pulled his arms away from Officer Turmel, telling the officer not to touch him and saying he would leave on his own. Officer Turmel acknowledged on cross-examination that, at the time of this first physical contact, Mr. Burkinshaw was not under arrest.

Despite Mr. Burkinshaw saying he would leave the area on his own, he did not.  Officer Turmel then told him, "[Y]ou can leave on your own right now or you're

going to be arrested." After again stating that he would leave on his own, Mr. Burkinshaw still did not leave but "continued to stand there and point, curse, be extremely vulgar and just act[] in kind of a violent manner." According to Officer Turmel's testimony on direct examination, it was only at that point that he announced that Mr. Burkinshaw was under arrest and started to "forcefully escort[] him away from the families and children[.]" On cross-examination, Officer Turmel conceded that he forcibly grabbed Mr. Burkinshaw's arm while moving him away. Counsel for Mr. Burkinshaw also elicited further testimony from Officer Turmel that, at a prior hearing, the officer had testified that he had placed two hands on Mr. Burkinshaw, one at the shoulder and one at the rib, and had "pushed" Mr. Burkinshaw, either simultaneous with the announcement of his arrest or immediately before.

Officer Turmel testified that, at the time of this second physical contact, which occurred as he informed Mr. Burkinshaw that he was under arrest, Mr. Burkinshaw again "flailed his arms" and "aggressively" attempted to make his way back toward the restaurant. Officer Turmel testified that he tripped Mr. Burkinshaw to bring him to the ground and effectuate the arrest. Officer Turmel recounted that Mr. Burkinshaw then placed his arms underneath his own body so that his arms could

not be restrained behind him by the officer.[1]  Because of this, Officer Turmel could not immediately place Mr. Burkinshaw in handcuffs, but waited until another officer arrived to do so.

The trial justice disallowed cross-examination of Officer Turmel on one matter: the disability status of Mr. Burkinshaw at the time of his arrest.  Specifically, defense counsel sought to cross-examine Officer Turmel on the existence of Mr. Burkinshaw's disability by using a police report to refresh Officer Turmel's recollection on the issue.  The trial justice rejected counsel's arguments and denied defense counsel, on grounds of relevance, hearsay, and prejudice, his attempt to establish through the police report that Mr. Burkinshaw was disabled.

The state rested after the testimony of Officer Turmel.  Mr. Burkinshaw moved for judgment of acquittal pursuant to Rule 29 of the Superior Court Rules of Criminal Procedure, which the trial justice denied.  Thereafter, Mr. Burkinshaw rested and renewed the motion for judgment of acquittal.  The trial justice denied the renewed motion and proceeded to instruct the jury.

Relevant to this appeal, the trial justice instructed the jury as follows regarding the use of force: "And it is well established that in making an arrest, an officer has

---

[1] Officer Turmel confirmed during cross-examination that at no point during his interaction with Mr. Burkinshaw did Mr. Burkinshaw try to strike him; take a bladed stance with him; threaten to assault him; threaten to hit him, kick him, spit at him; try to run away; or use the bike he was holding as a weapon.

the right to use the amount of force that is reasonably necessary in order to properly perform his duty." Defense counsel objected to this instruction, arguing that it would have been appropriate to further instruct that a defendant has a right to defend himself if there is evidence of excessive force, because, according to defense counsel,

> "a defendant has the right to use some amount of force to resist an arrest where an officer is using unreasonable force, * * * that is a question for the jury, the reasonableness of the force of the officer. It's a fact that the jury should be required to find. If they do find that it is unreasonable, then they further should be able to find whether or not the defendant's conduct in resisting the arrest was reasonable and justified. They weren't given that instruction, although they were advised that an officer may only use reasonable force, they weren't advised what to do if they do find that unreasonable force was applied[.]"

The trial justice noted the objection but, citing *State v. Hurteau*, 810 A.2d 222 (R.I. 2002), concluded that Mr. Burkinshaw was not entitled to the further instruction because there had been no evidence to indicate that the arresting officer had used excessive force against Mr. Burkinshaw.

After closing arguments and deliberations, the jury returned a guilty verdict. The trial justice subsequently sentenced Mr. Burkinshaw to one year of incarceration at the Adult Correctional Institutions, with forty-five days to serve and 320 days suspended, with one year of probation. A judgment of conviction and commitment

entered on April 30, 2019.  Mr. Burkinshaw timely appealed.  Further facts will be supplied as they are germane to the errors assigned on appeal.

## Discussion

Mr. Burkinshaw specifies three errors committed by the trial justice.  First, he maintains that the trial justice committed reversible error by failing to instruct the jury on a defense to the charge of resisting arrest.  Second, he maintains that the trial justice committed reversible error by failing to pass the case despite the state's inclusion of certain prejudicial remarks in its opening statement.  Finally, he challenges the trial justice's decision to limit the scope of cross-examination of Officer Turmel, resulting in the exclusion of evidence on Mr. Burkinshaw's disability status.  We address each argument in turn.

## Jury Instructions on Defense to Resisting Arrest

This Court reviews jury instructions *de novo*. *E.g.*, *State v. Isom*, 251 A.3d 1, 6 (R.I. 2021).  We examine the instructions in their entirety and will not view a challenged portion in isolation from the context of the instructions as a whole; in doing so, we seek to "ascertain the manner in which a jury of ordinary intelligent lay people would have understood them." *Id.* (quoting *State v. Ros*, 973 A.2d 1148, 1166 (R.I. 2009)).  Where a trial justice determines that an instruction related to self-defense is not applicable, this Court conducts an independent review of the record and assesses "whether the trial justice's concept on self-defense was correct." *State*

*v. Soler*, 140 A.3d 755, 759 (R.I. 2016) (brackets omitted) (quoting *State v. Pineda*, 13 A.3d 623, 631 (R.I. 2011)). We examine the evidence in the light most favorable to the defendant, *Isom*, 251 A.3d at 6, but ultimately "[w]e will affirm if the instructions adequately covered the law and neither reduced nor shifted the state's burden of proof." *Soler*, 140 A.3d at 760 (brackets omitted) (quoting *State v. Martin*, 68 A.3d 467, 473 (R.I. 2013)).

General Laws 1956 § 12-7-10 makes it unlawful to "use force or any weapon in resisting a legal or an illegal arrest by a peace officer[.]" As such, "an arrestee must 'submit peacefully and, if he has been unlawfully arrested, pursue his remedy in the courts.'" *Hurteau*, 810 A.2d at 225 (alterations omitted) (quoting *State v. Gelinas*, 417 A.2d 1381, 1385 (R.I. 1980)). Nevertheless, an arrestee maintains the right to defend himself against use of excessive force. *Id.*; *see State v. Ramsdell*, 109 R.I. 320, 327, 285 A.2d 399, 404 (1971) (holding that the statute abolishing the common law right to resist unlawful arrest did not abrogate an arrestee's right to defend against an arresting officer's use of excessive force). Whether a defendant's right to defend himself and resist arrest exists therefore "naturally depends on whether there was excessive force in effectuating the arrest." *Hurteau*, 810 A.2d at

225. However, "[i]f the officer used reasonable force, the defense of self-defense is not available." *State v. Tavarozzi*, 446 A.2d 1048, 1051 (R.I. 1982).

A trial justice is compelled to instruct the jury on the principles of self-defense "when there is evidence, 'however tenuous or incredible,' that the police used excessive force." *Hurteau*, 810 A.2d at 225; *Gelinas*, 417 A.2d at 1384. However, the question of whether force is excessive depends on whether the arresting police officer used "only [that] force [which was] necessary to effectuate [the] arrest." *Ramsdell*, 109 R.I. at 326, 285 A.2d at 404. The inquiry is objective: "[T]he focus is on 'whether the officers' actions are objectively reasonable[.]'" *State v. Querido*, 229 A.3d 410, 418 (R.I. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

In the instant case, Mr. Burkinshaw maintains that the trial justice should have instructed the jury on the defense of self-defense to resisting arrest because Officer Turmel testified that he first put his hands on Mr. Burkinshaw before telling Mr. Burkinshaw that he was under arrest; grabbed Mr. Burkinshaw's arm; placed two hands on Mr. Burkinshaw and pushed him; tripped Mr. Burkinshaw to the ground; and they continued to struggle once Mr. Burkinshaw was on the ground. Mr. Burkinshaw contends that the trial justice's reliance on *Hurteau* was misplaced,

- 9 -

noting that, unlike the defendant in *Hurteau*, Mr. Burkinshaw neither acted in a violent manner nor threatened violence on the afternoon in question.

We recognize the import of Mr. Burkinshaw's—and other defendants'—basic right to defend their person against an overzealous police officer. *See Ramsdell*, 109 R.I. at 327, 285 A.2d at 404. However, after independently examining the record in the light most favorable to Mr. Burkinshaw, we are satisfied that "the trial justice's concept on self-defense was correct[,]" *Soler*, 140 A.3d at 759 (brackets omitted) (quoting *Pineda*, 13 A.3d at 631), and that there was no evidence, however tenuous or incredible, that Officer Turmel used more force than was necessary to effectuate Mr. Burkinshaw's arrest. *See Hurteau*, 810 A.2d at 225.

There is no dispute that Officer Turmel used some force against Mr. Burkinshaw. Upon encountering an angry and animated Mr. Burkinshaw in front of Scratch Restaurant, Officer Turmel asked him to move away from the individuals present, including families with young children. Prior to placing Mr. Burkinshaw under arrest, Officer Turmel put his hands on Mr. Burkinshaw and attempted to escort Mr. Burkinshaw away from the restaurant and the individuals at whom Mr. Burkinshaw was shouting. The officer did so only after Mr. Burkinshaw ignored four or five requests for him move away on his own. After Mr. Burkinshaw pulled his arms away, preventing a successful escort without further escalation, Officer

Turmel warned Mr. Burkinshaw that if he did not move, Officer Turmel would place him under arrest.

Although Mr. Burkinshaw said he would leave the area, he once again refused to move. Consequently, either immediately before or simultaneous to announcing that Mr. Burkinshaw was under arrest, Officer Turmel made physical contact with Mr. Burkinshaw for the second time when he forcibly grabbed Mr. Burkinshaw and pushed him away from the individuals at whom Mr. Burkinshaw continued to shout. Finally, Officer Turmel utilized a trip to bring Mr. Burkinshaw to the ground and effect the arrest after Mr. Burkinshaw attempted to make his way back toward the restaurant.[2] Once on the ground, Mr. Burkinshaw placed his arms underneath his body; Officer Turmel struggled to place Mr. Burkinshaw in handcuffs as he waited for another officer to assist him.

With these undisputed facts in mind, in our view, "the instructions adequately covered the law and neither reduced nor shifted the state's burden of proof." *Soler*, 140 A.3d at 760 (brackets omitted) (quoting *State v. Martin*, 68 A.3d 467, 473 (R.I. 2013)). Despite Mr. Burkinshaw's arguments to the contrary, the principles

---

[2] We note that, on appeal, counsel for Mr. Burkinshaw argues that his trial defense counsel elicited testimony regarding the chronology of the arrest, testimony that defendant on appeal characterizes as Officer Turmel "conced[ing] that he did not tell Mr. Burkinshaw that he was under arrest until after he had tripped him." We acknowledge this argument, but nevertheless reject this characterization of the record, even viewing the evidence in the light most favorable to defendant.

enunciated in *Hurteau* are clearly applicable: The evidence, viewed in the light most favorable to Mr. Burkinshaw, reveals only that Officer Turmel used reasonable force in furtherance of his duties and only after Mr. Burkinshaw refused to comply with repeated requests to move away from the angry encounter at Scratch Restaurant. *See Hurteau*, 810 A.2d at 225 (upholding a conviction for resisting arrest where "[t]he uncontradicted evidence show[ed] that the police did not apply any force to [the] defendant until he refused to cooperate with their orders"); *see also Graham*, 490 U.S. at 396 ("[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion[.]"). The record is devoid of evidence that Officer Turmel used excessive force such that Mr. Burkinshaw was entitled to an instruction on the defense to resisting arrest. Accordingly, we perceive no error in the trial justice's decision not to instruct the jury on the defense of self-defense to the charge of resisting arrest.

## Motion to Pass

In his second assignment of error, Mr. Burkinshaw argues that the trial justice committed reversible error by denying his motion to pass. As discussed previously, in its opening statement, the state commented on a matter that had been addressed by the trial justice's ruling on defendant's motion *in limine*, which excluded any reference to Mr. Burkinshaw's prior contacts with the police. Specifically, the prosecutor said, "As [the arresting officer] was responding to the scene, he happened

to see the defendant, who he was already familiar with[.]" Defense counsel requested a sidebar conference and moved to pass the case: He argued that stating that the arresting officer "was already familiar with" Mr. Burkinshaw was incurably prejudicial. The trial justice acknowledged that the statement violated the ruling on defendant's motion *in limine*, but concluded that the statement was not incurably prejudicial because there was nothing specifically said about police contacts. Mr. Burkinshaw objected to the giving of a cautionary instruction, arguing that an instruction would only highlight the prejudice resulting from the comment. Following the sidebar conference, the trial justice immediately offered a cautionary instruction, telling the jury: "Ladies and gentlemen, whether or not the Officer and Mr. Burkinshaw knew each other is completely irrelevant to the trial here. It should be completely disregarded and it's stricken from the record. Okay. So erase that from your mind."

When reviewing a ruling on a motion to pass, this Court will reverse only if the trial justice's ruling was clearly wrong. *E.g.*, *State v. Gonzalez*, 254 A.3d 813, 821 (R.I. 2021). This Court gives great weight to the sound discretion of the trial justice in these matters, because the trial justice "enjoys a ringside seat at the trial" and therefore is in the best posture to determine the effect of an inappropriate remark

or action. *Id.* (quoting *State v. Lynch*, 854 A.2d 1022, 1033 (R.I. 2004)); *see also State v. LaPlante*, 962 A.2d 63, 70 (R.I. 2009).

A trial justice need not pass the case at the occurrence of any potentially prejudicial statement or event. *E.g.*, *State v. Bolduc*, 822 A.2d 184, 186 (R.I. 2003). Rather, in the context of an allegedly prejudicial remark made by a prosecutor, the trial justice must evaluate whether the prejudicial effect, if any, is incurable. *E.g.*, *State v. Tempest*, 651 A.2d 1198, 1207 (R.I. 1995). "Incurable prejudice exists if the trial justice determines that the remark, within its factual context, 'so inflames the passions of the jury as to prevent their calm and dispassionate examination of the evidence.'" *Id.* (quoting *State v. Brown*, 522 A.2d 208, 211 (R.I. 1987)). This Court does not have a "fixed rule of law" to evaluate whether a remark created incurable prejudice, but will "assess the probable effect of the remark within the factual context of the evidence presented." *Id.*

Here, defendant has not shown that the trial justice was "clearly wrong" to deny his motion to pass the case. *See Gonzalez*, 254 A.3d at 821. Though the trial justice conceded that the prosecutor's statement violated the motion *in limine*, the trial justice properly evaluated the degree to which the comment might be inflammatory and the fact that the statement did not include any mention of specific

police contacts. The trial justice thereafter exercised his sound discretion in promptly delivering a curative instruction and declining to pass the case.

The trial justice was not clearly wrong to conclude that the statement, though prejudicial, would not prevent the jury from conducting a "calm and dispassionate examination of the evidence" if properly instructed. *LaPlante*, 962 A.2d at 71 (quoting *State v. Parkhurst*, 706 A.2d 412, 427 (R.I. 1998)). As the individual "in the best posture" to make that determination, we decline to disturb that discretion. *Gonzalez*, 254 A.3d at 821; *cf. State v. Usenia*, 599 A.2d 1026, 1032 (R.I. 1991) (holding that trial justice could properly instruct jury to disregard argumentative narration in state's opening statement despite having determined the statement was impermissible and prejudicial).

Moreover, our review of the record reveals no compelling reason for the trial justice to have passed the case. First, we are satisfied that the statement was not incurably prejudicial. The statement by the prosecutor was fleeting and interspersed with other permissible narration regarding a description of the scene and, more saliently, Officer Turmel's reason for dispatch, which was to respond to a complaint against Mr. Burkinshaw himself. Moreover, Officer Turmel shortly thereafter testified that he "was dispatched for an unwanted party[,]" and that, as he arrived, he was "approached by the party that [he] was dispatched for[,]" whom he identified

- 15 -

at trial as Mr. Burkinshaw. He then testified that he "had paperwork for the defendant."

Thus, while the state's opening statement was the most direct reference to Officer Turmel's familiarity with Mr. Burkinshaw, that statement was in fact given further context in the evidence ultimately presented, context to which Mr. Burkinshaw did not object and which did not include any prejudicial reference to any prior contacts with the police or a criminal record. *See Tempest*, 651 A.2d at 1207 ("This [C]ourt [will] assess the probable effect of the remark within the factual context of the evidence presented."); *cf. State v. Casas*, 792 A.2d 737, 740 (R.I. 2002) (affirming trial justice's decision to declare a mistrial where the state inappropriately narrated in its opening statement that the police had been investigating the defendant for years); *State v. Costa*, 111 R.I. 602, 608-10, 306 A.2d 36, 39-40 (1973) (reversing trial justice's refusal to pass the case where testimony directly discussed the defendant's criminal record).

Second, the trial justice promptly delivered a specific instruction that Officer Turmel's knowledge of Mr. Burkinshaw was irrelevant, should be completely disregarded, and that that testimony was stricken. There is no indication in the record that the jury did not obey this specific instruction as given. *Cf. State v. McRae*, 31 A.3d 785, 791 (R.I. 2011) ("Unless some indication exists that the jury failed to obey the cautionary instruction given by the trial justice, we must assume that the

jury followed the instruction as given."). Accordingly, we are confident the trial justice's timely and specific cautionary instruction was sufficient to dispel any prejudice the state's remark produced such that the state's comment did not affect the jury's ultimate verdict.

Finally, though defendant argues on appeal that the trial justice actually emphasized the prejudice by giving the curative instruction, we are mindful of this Court's clear precedent that "[i]f the trial justice determines that the prejudice is curable, he or she *must* issue a timely and effective instruction." *LaPlante*, 962 A.2d at 71 (emphasis added) (quoting *State v. Toole*, 640 A.2d 965, 974 (R.I. 1994)). Accordingly, we hold that the trial justice offered a timely and effective cautionary instruction to the jury, and therefore did not err by denying Mr. Burkinshaw's motion to pass the case.

### Limitation of Cross-Examination

In his final assignment of error, Mr. Burkinshaw argues the trial justice erred in limiting cross-examination of the arresting officer as to Mr. Burkinshaw's occupational status as disabled, by using a police record to refresh the officer's recollection. The police report indicated that Mr. Burkinshaw's occupation status was "disabled[.]" The state objected to that line of questioning on grounds of relevance, noting that the information was coming only from the police report, not from Officer Turmel's knowledge. The state further argued that the police report

simply listed Mr. Burkinshaw's occupation as disabled, giving no further information on whether this disability status stemmed from a physical or mental disability. In response, Mr. Burkinshaw asserted that his disability related to his theory at trial that Officer Turmel had used excessive force. The trial justice rejected Mr. Burkinshaw's argument. The trial justice explained that, while Mr. Burkinshaw might be able to testify as to his disability status, attempting to establish Mr. Burkinshaw's disability status through the police report was inappropriate without any foundation as to the nature of the disability and how it related to resisting arrest. He concluded that the information contained in the police report was hearsay, irrelevant, and unduly prejudicial. On appeal, Mr. Burkinshaw maintains that the police report need not be admissible to be used as a device to refresh Officer Turmel's recollection, and that the evidence that he had sought to elicit was relevant to his defense of self-defense to resisting arrest.

This Court reviews a trial justice's restriction on the scope of cross-examination for clear abuse of discretion. *E.g.*, *State v. McManus*, 990 A.2d 1229, 1234 (R.I. 2010). This Court has long held that any writing or object may be used to refresh a witness's recollection, even if not itself admissible. *E.g.*, *State v. Presler*, 731 A.2d 699, 704 (R.I. 1999). Nevertheless, the proffering party must still establish the foundational requirement that the witness is "unable to remember something of relevance to the matter being litigated." *State v. Briggs*, 886 A.2d 735, 746 (R.I.

2005) (quoting *Presler*, 731 A.2d at 704). Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." R.I. R. Evid. 401.

Our review of the record reveals that defense counsel failed to lay a foundation that the evidence about which he sought to refresh Officer Turmel's recollection was relevant and admissible in this case.[3] Defense counsel proffered at trial that the evidence of Mr. Burkinshaw's disability status was relevant to whether Officer Turmel used excessive force.

Nevertheless, in questioning Officer Turmel, Mr. Burkinshaw established that Officer Turmel only learned of his disability status because the officer "had the police department obtain information about [the] arrestee's * * * occupation." Thus, the information in the police narrative regarding Mr. Burkinshaw's disability status was obtained after the incident that purportedly involved excessive force, and refreshing Officer Turmel's recollection on this information would not have provided evidence that would have made it more or less likely that Officer Turmel's actions at the time of the arrest were unreasonable. *Cf. Tavarozzi*, 446 A.2d at 1051 (reversing trial justice's exclusion of testimony which would have helped establish

---

[3] Because we determine that the evidence sought to be admitted via cross-examination was inadmissible on grounds of relevancy, we need not address the trial justice's other bases for excluding the evidence.

the defendant's physical condition after an allegedly violent encounter with a police officer and which was clearly probative of the amount of force to which a police officer subjected her).

Though Mr. Burkinshaw maintains on appeal that his trial counsel sought to question Officer Turmel on his knowledge and observations of Mr. Burkinshaw's physical condition outside of Scratch Restaurant, this was neither the foundation laid nor the argument made by trial counsel. Moreover, the trial justice's ruling did not preclude defense counsel from establishing any physical condition that Officer Turmel may have observed himself during his interaction with Mr. Burkinshaw on July 2, 2018. Instead, the trial justice precluded Mr. Burkinshaw from "establish[ing] that he's disabled through that police report."

Accordingly, the trial justice did not abuse his discretion or commit reversible error by limiting the scope of defendant's cross-examination on the issue of his occupational status as disabled.

## Conclusion

For the foregoing reasons, we affirm the judgment of conviction of the Superior Court and remand the record in this case.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Michael Burkinshaw. |
| **Case Number** | No. 2019-153-C.A. (N3/19-34A) |
| **Date Opinion Filed** | March 22, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For State:<br><br>Owen Murphy<br>Department of Attorney General<br>For Defendant:<br><br>Michael G. Ewart<br>Office of the Public Defender |